■ In the Matter of JULIO MALDONADO, Petitioner, v JAMES RACETTE, as Superintendent of Adirondack Correctional Facility, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Essex County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

At no time during the course of the disciplinary hearing or on administrative appeal did petitioner request an interpreter. Having failed to do so at a time when any alleged error could have been corrected or on administrative appeal constitutes a waiver of this issue *(see, Matter of McClean v LeFevre,* 142 AD2d 911, 912). In any event, the regulations only require the presence of an interpreter when the inmate does not speak any English (7 NYCRR 253.2). At the commencement of the hearing petitioner indicated that he fully understood the Hearing Officer's recitation of, among other things, petitioner's procedural rights and he fully participated in the hearing. Consequently, it cannot be said that petitioner's due process rights were violated *(see, Matter of Wong v Coughlin,* 138 AD2d 899, 900; *Matter of Peart v Kelly,* 134 AD2d 843, *lv denied* 71 NY2d 801). Likewise, petitioner failed to raise any claim on administrative appeal with respect to the impartiality of the Hearing Officer and, therefore, that issue has also been waived *(see, Matter of Samuels v Kelly,* 143 AD2d 506, *lv denied* 73 NY2d 707). Moreover, there is no merit to petition-

er's contention that the Hearing Officer was not impartial (see, Matter of Diaz v Coughlin, 143 AD2d 485). We have examined petitioner's remaining contention and find it lacking in merit.

Mahoney, P. J., Weiss, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.