■ In the Matter of MARCUS FLOWERS, Petitioner, v WAYNE BARKLEY, as Superintendent of Riverview Correctional Facility, et al., Respondents. [664 NYS2d 373] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in St. Lawrence County) to review a

determination of respondent Superintendent of Riverview Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a prison inmate, was found guilty of harassing a correction officer with an obscene gesture and refusing to obey the officer's direct orders in violation of institutional rules prohibiting such conduct. The misbehavior report charged that petitioner became loud and argumentative after he was denied permission to use a visitors' rest room, that he failed to comply with several directives to quiet down and move from where he was standing, and that he held up his middle finger and directed it at the correction officer as he left the area. In our view, the detailed misbehavior report, written by the correction officer who was involved in the incident, constitutes substantial evidence to support the finding of guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Petitioner's conflicting testimony raised a credibility issue for the Hearing Officer to resolve (*see, id.*). Moreover, we find no support in the record for petitioner's contention that the misbehavior report was written in retaliation for grievances he had filed against the correction officer who wrote the report (*see, Matter of Muhammed v Bennett*, 242 AD2d 778). The remaining contentions advanced by petitioner, including his claim that he was not afforded proper assistance in obtaining documentary evidence which would have enabled him to locate defense witnesses, have been examined and found to be without merit.

Cardona, P. J., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.