■ In the Matter of ANTHONY VARGAS, Petitioner, v GLENN S. GOORD, as Commissioner of Corrections, et al., Respondents. [678 NYS2d 916] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules which prohibit inmates from possessing contraband, possessing stolen property and stealing State property after a search of petitioner's cell uncovered three cans of tuna in his locker. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination of his guilt. Initially, as respondents concede and our review of the record confirms, that part of the determination finding petitioner guilty of stealing State property is not supported by substantial evidence and must be annulled.

With respect to the remaining charges, however, given his plea of guilty to the charges of possessing contraband and stolen property, petitioner is precluded from challenging the determination of his guilt as not supported by substantial evidence (*see, Matter of Grant v Goord*, 247 AD2d 662; *Matter of Shire v Coombe*, 240 AD2d 823). Nonetheless, were we to consider this issue, we would find that petitioner's admissions of guilt, together with the misbehavior report and testimony at the hearing, provide substantial evidence of petitioner's guilt (*see, Matter of Foster v Coughlin*, 76 NY2d 964). Petitioner's remaining contentions, including his claim of Hearing Officer bias, have been found to be either unpreserved for our review or lacking in merit.

Cardona, P. J., White, Yesawich Jr., Peters and Carpinello,

JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of stealing State property; petition granted to that extent, respondents are directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondents for redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.