■ In the Matter of PEDRO BAEZ, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, Respondent. [692 NYS2d 180] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting possession of a weapon, refusing a direct order and

fighting.* These charges stemmed from allegations that petitioner was involved in a fight that escalated into a melee with several inmates sustaining serious injuries. At the outset, we note that the Attorney General concedes, and our review of the record confirms, that there is insufficient evidence to support that part of the determination finding petitioner guilty of possession of a weapon and refusing a direct order. Consequently, these charges must be annulled and expunged from petitioner's institutional record (*see, Matter of Vargas v Goord,* 253 AD2d 947). Nevertheless, since it appears that petitioner already served the penalty imposed and there was no recommended loss of good time, it is unnecessary to remit the matter to respondent for a redetermination of the penalty imposed (*see, Matter of Contrera v Coombe,* 236 AD2d 661, 662-663).

Turning to the remaining charge of fighting, we conclude that the determination of guilt is supported by substantial evidence (*see, Matter of Foster v Coughlin,* 76 NY2d 964, 966). Although it is true that the hearing evidence establishes that petitioner was not the initial aggressor in the fight, the testimony of the correction officer who authored the misbehavior report supports the view that petitioner took combative action beyond what was necessary for self-defense and was actively engaged in the fight. Although petitioner disputed the correction officer's account, this merely presented a credibility issue for the Hearing Officer to resolve (*see, Matter of Flowers v Barkley,* 244 AD2d 682, 683).

Petitioner's remaining contentions have been examined, including his claims of Hearing Officer bias and ineffective employee assistance, and found to be unpersuasive. Contrary to petitioner's argument, the misbehavior report was sufficient to apprise him of the charge of fighting and allow him to prepare an adequate defense. Finally, given petitioner's ability to speak and understand English at the hearing, where he actively participated in the proceedings, we find no error in the Hearing Officer's refusal to appoint a Spanish-speaking interpreter (*see, Matter of Polanco v Coughlin,* 196 AD2d 943).

Cardona, P. J., Mikoll, Mercure, Carpinello and Graffeo, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charges of possession of a weapon and refusing a direct order; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

* Petitioner was found not guilty of charges alleging rioting, violent conduct and assault on another inmate.