■ In the Matter of GLENN S. ANDERSON, Petitioner, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [694 NYS2d 776] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier III disciplinary hearing, petitioner was found guilty of violating the prison disciplinary rules which prohibit inmates from fighting and disobeying a direct order. Notably, petitioner pleaded not guilty to the fighting charge and guilty "with an explanation" to the disobeying a direct order charge. With respect to the latter admission, petitioner maintained that his refusal to break away from the altercation with another inmate was justified since he was allegedly acting in self-defense after being attacked by the other inmate with a knife. Petitioner's administrative appeal of the determination of guilt was unsuccessful, prompting the commencement of this CPLR article 78 proceeding.

We confirm. Initially, given petitioner's plea of guilty to the charge of disobeying a direct order, we note that he is precluded from challenging the determination of his guilt on this charge as not supported by substantial evidence (*see, Matter of Vargas v Goord*, 253 AD2d 947; *Matter of Grant v Goord*, 247 AD2d 662). In any event, the misbehavior report, combined with the testimony of its author and petitioner's own admissions, provide substantial evidence to support the determination of petitioner's guilt as to both charges (*see, Matter of Foster v Coughlin*, 76 NY2d 964, 966). Although petitioner correctly notes that the hearing evidence establishes that he was not the

initial aggressor in the altercation, the misbehavior report's author clearly testified that petitioner actively confronted the attacking inmate, as opposed to retreating, and also took combative action beyond what was necessary for self-defense. Although petitioner disputed this account, this merely presented a credibility issue for the Hearing Officer to resolve (see, *Matter of Flowers v Barkley*, 244 AD2d 682, 683).

Petitioner's remaining arguments, including his contention that the Hearing Officer refused to properly consider his self-defense claim, have been examined and found to be without merit.

Cardona, P. J., Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.