■ In the Matter of RAYMOND FERRARI, Petitioner, v CHARLES DU FRAIN, as Superintendent of Franklin Correctional Facility, et al., Respondents. [698 NYS2d 567] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Superintendent of Franklin Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Following a tier II disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rules that prohibit inmates from fighting, refusing a direct or-

der and engaging in violent conduct. According to the misbehavior report, petitioner was observed exchanging punches with another inmate and ignored several direct orders to stop fighting. Petitioner's guilt was affirmed upon administrative appeal and he then commenced this CPLR article 78 proceeding to challenge the determination.*

We confirm. Initially, we reject petitioner's argument that he was denied his right to present documentation detailing the injuries he sustained as the result of the subject incident which he claims establishes that he was not the aggressor and merely a victim. The record indicates that the Hearing Officer reviewed petitioner's medical report and two correction officers testified that petitioner had blood on his face and appeared injured. Nevertheless, we find no reason to disturb the Hearing Officer's finding that petitioner's injuries did not rule out his active participation in the fight (*cf., Matter of Pagan v Selsky*, 262 AD2d 683; *Matter of Baez v Goord*, 261 AD2d 741). Finally, we have examined petitioner's remaining arguments, including his allegations that the Hearing Officer was required to personally interview witnesses who refused to testify and that the Hearing Officer was biased, and, to the extent they are preserved for appellate review, find them to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr., Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Although the substantial evidence question in the petition triggered the transfer to this Court (CPLR 7804 [g]), petitioner fails to advance this issue in his brief. Had he done so, we would conclude that there is substantial evidence in the record to support the determination of guilt.