■ In the Matter of JERRY GLOSTER, Petitioner, v GLENN GOORD, as Commissioner of the State of New York Department of Correctional Services, et al., Respondents. [717 NYS2d 411] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules that prohibit fighting, violent conduct and disobeying a direct order. Petitioner offered unrefuted testimony that he was not the aggressor of the fight but was attacked by an inmate with a metal shank. Nevertheless, the misbehavior report states that petitioner ignored several direct orders to stop fighting and continued to struggle and resist after being forcibly removed from the other inmate. Under the particular circumstances presented here, we find that the misbehavior report, written by the correction officer who restrained petitioner, provides substantial evidence to support the determination of guilt as to the charges, regardless of who initiated the fight (*see, People ex rel. Vega v Smith*, 66 NY2d 130; *see also, Matter of Foster v Coughlin*, 76 NY2d 964, 966).

Contrary to petitioner's assertion, it was within the province of the Hearing Officer, upon consideration of all the evidence (particularly petitioner's conduct upon being removed from the other inmate) and the inferences to be drawn therefrom, to discredit petitioner's contention that he was acting strictly in self-defense (*see, Matter of Anderson v Goord*, 262 AD2d 896;

*Matter of Baez v Goord*, 261 AD2d 741). Moreover, petitioner's justification defense was aptly considered when the penalty imposed was ultimately reduced.

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.