■ In the Matter of LAWRENCE WRIGHT, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, et al., Respondents. [735 NYS2d 833] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent Superintendent of Orleans Correctional Facility and respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges two separate determinations finding him guilty of violating various prison disciplinary rules. Initially, we note that the Attorney General has submitted documentation establishing that the tier III disciplinary determination at issue has been administratively reversed and that all references thereto have been expunged from petitioner's institutional record. Despite his contentions to the contrary, petitioner has received all the relief to which he is entitled as to this determination and this portion of the petition is dismissed as moot (*see, Matter of Curtis v Goord,* 274 AD2d 808; *Matter of Maldonado v Miller,* 259 AD2d 912).

We turn next to the tier II disciplinary determination finding petitioner guilty of smuggling, making threats and violating facility correspondence procedures. Based on our review of the record, we agree with petitioner that there is insufficient evidence to support that part of the determination finding him guilty of smuggling. Additionally, with regard to the charge of threats, the record reveals that the Hearing Officer misread petitioner's letter and that the evidence is otherwise insufficient to support the determination insofar as it found him guilty of threats. Accordingly, those charges must be annulled and expunged from petitioner's institutional record. Inasmuch as there was no recommended loss of good time and petitioner served the penalty imposed, it is not necessary to remit the

matter for a redetermination of the penalty (*see, Matter of Baez v Goord*, 261 AD2d 741, 742). With regard to the remaining charge of violating facility correspondence procedures, we find that the misbehavior report, together with the evidence adduced at the hearing, constitute substantial evidence to support the determination of guilt (*see, Matter of Jackson v Portuondo*, 287 AD2d 847; *Matter of Di Rose v Coombe*, 233 AD2d 799). Petitioner's remaining arguments have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Adjudged that the portion of the petition challenging the determination of guilt following the tier III disciplinary hearing is dismissed, as moot, without costs.

Adjudged that the determination of guilt following the tier II disciplinary hearing is modified, without costs, by annulling so much thereof as found petitioner guilty of the charges of smuggling and making threats; petition granted to that extent and respondent Commissioner of Correctional Services is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.