Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this proceeding challenging a determination finding him guilty of violating the prison disciplinary rules that prohibit possession of a weapon and contraband. As a preliminary matter, respondent concedes, and our review of the record confirms, that so much of the determination finding him guilty of the charge of possession of contraband is not supported by substantial evidence. The determination is therefore modified by annulling the finding of guilt as to that charge and the Commissioner of Correctional Services is directed to expunge the charge from petitioner’s institutional record. It is not necessary to remit this matter for a redetermination of the penalty imposed, however, inasmuch as there was no recommended loss of good time and petitioner served the penalty (see Matter of Wright v Goord, 290 AD2d 779, 779-780 [2002], appeal dismissed 98 NY2d 648 [2002]; Matter of Baez v Goord, 261 AD2d 741, 742 [1999]).
Turning to the remaining charge, the misbehavior report noting that a chopstick sharpened to a point was found in petitioner’s cell and the testimony at the hearing—including *785 petitioner’s admission that he owned the chopstick—provide substantial evidence to support the determination finding petitioner guilty of possession of a weapon (see Matter of Folk v Goord, 307 AD2d 500 [2003]). We also reject petitioner’s assertion that he should have been provided with the assistance of a Chinese interpreter to meaningfully respond to the charges. An interpreter is only required when the inmate speaks no English (see 7 NYCRR 253.2, 254.2; Matter of Maldonado v Racette, 175 AD2d 963, 963 [1991]). A review of the record in this matter establishes that, as a whole, despite the absence of a translator, petitioner “was sufficiently fluent in English to understand and knowledgeably participate in the disciplinary hearing” (Matter of Santiago v Goord, 253 AD2d 970, 970 [1998]; see Matter of Moore v Selsky, 264 AD2d 923, 924 [1999]; Matter of Smith v Goord, 255 AD2d 1007, 1007 [1998]). Petitioner’s remaining contentions have been reviewed and found to be without merit.
Cardona, PJ., Mercure, Spain, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of possession of contraband; petition granted to that extent and the Commissioner of Correctional Services is directed to expunge all references thereto from petitioner’s institutional record; and, as so modified, confirmed.