# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**581**
**TP 15-02180**
PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF RASHEEN MILLS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

RASHEEN MILLS, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered December 28, 2015) to review a determination of respondent.  The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]) and 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]).  Contrary to petitioner's contention, substantial evidence, including the testimony of correction officers who witnessed the fight, supports the determination that he violated the inmate rules (*see Matter of Gray v Annucci*, 144 AD3d 1613, 1614, *lv denied* ___ NY3d ___ [Mar. 23, 2017]; *see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966).  Although petitioner was not the initial aggressor, he continued to fight when ordered to stop and used a weapon against the other inmate (*see Matter of Gloster v Goord*, 278 AD2d 568, 568-569, *appeal dismissed* 96 NY2d 825; *Matter of Anderson v Goord*, 262 AD2d 896, 896-897).  Petitioner's testimony to the contrary merely raised an issue of credibility for the Hearing Officer to resolve (*see Foster*, 76 NY2d at 966).  Contrary to petitioner's further contention, the chain of custody for the weapon was "adequately established" (*Matter of Martinez v Annucci*, 134 AD3d 1380, 1381).  Petitioner's contention that he was denied the right to call certain witnesses is without merit inasmuch as he failed to establish that those witnesses would

have provided relevant, noncumulative testimony (*see Matter of Medina v Fischer*, 137 AD3d 1584, 1585-1586; *Matter of Jackson v Annucci*, 122 AD3d 1288, 1288-1289).

Petitioner contends that the hearing was not timely completed (*see* 7 NYCRR 251-5.1 [b]).  The record establishes, however, that the hearing was extended upon proper authorization (*see id.; Matter of Comfort v Irvin*, 197 AD2d 907, 907-908, *lv denied* 82 NY2d 662).  In any event, compliance with that regulation "is directory only and there is no indication of any substantive prejudice to petitioner resulting from the delay" (*Comfort*, 197 AD2d at 908; *see Matter of Dash v Goord*, 255 AD2d 978, 978-979).  We reject petitioner's further contention that the Hearing Officer was biased (*see Matter of Colon v Fischer*, 83 AD3d 1500, 1501-1502).  We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court