Matter of Devaughn v Heff (2020 NY Slip Op 07443)





Matter of Devaughn v Heff


2020 NY Slip Op 07443


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

530550

[*1]In the Matter of Alex Devaughn, Petitioner,
v
J. Heff, as Corrections Counselor, et al., Respondents.

Calendar Date: November 13, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ.


Alex Devaughn, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During a search of petitioner's cell, a correction officer found a plastic bag containing pills, later identified as prescription medication, secreted in a jar of massage cream. The jar was found on a shelf above the bars in petitioner's cell. As a result, he was charged in a misbehavior report with possessing unauthorized medication, possessing contraband and smuggling. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the determination was modified by dismissing the charge of possessing contraband, but upholding the remaining charges. This CPLR proceeding ensued.
We confirm. The misbehavior report and the related documentation provide substantial evidence supporting the determination of guilt (see Matter of Starling v New York State Dept. of Corrections & Community Supervision, 123 AD3d 1195, 1196 [2014]; Matter of Amen v James, 98 AD3d 772, 772 [2012]). Although petitioner denied that the pills were his and maintained that they must have been placed in his cell by another inmate while he was working in the mess hall, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Dowling v Venettozzi, 177 AD3d 1063, 1064 [2019], lv denied 35 NY3d 901 [2020]; Matter of Starling v New York State Dept. of Corrections & Community Supervision, 123 AD3d at 1196). Notwithstanding the fact that other inmates may have been able to access the shelf in petitioner's cell, a reasonable inference of possession arose by virtue of petitioner's control over the area where the pills were found (see Matter of Dowling v Venettozzi, 177 AD3d at 1063-1064; Matter of Starling v New York State Dept. of Corrections & Community Supervision, 123 AD3d at 1196). Contrary to petitioner's claim, the misbehavior report was sufficiently detailed to provide him with notice of the smuggling charge and afford him the opportunity to prepare a defense (see Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [2019]; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]). We have considered petitioner's remaining contentions and find that they have either not been preserved for our review or are lacking in merit.
Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.