Matter of Santos v Annucci (2022 NY Slip Op 05571)

Matter of Santos v Annucci

2022 NY Slip Op 05571

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534338
[*1]In the Matter of Francisco Santos, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 12, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Francisco Santos, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Sean P. Mix of counsel), for respondent.

Reynolds Fitzgerald, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with fighting, violent conduct, assaulting an incarcerated individual, possessing a weapon, creating a disturbance and refusing to obey a direct order. According to the report, petitioner was observed by a correction officer fighting with another incarcerated individual and making a slashing motion toward that individual's head and face.[FN1] The officer gave several orders to the combatants to stop, which were ignored, and the officer then resorted to using pepper spray to end the altercation. The officer then observed petitioner drop an icepick type of weapon on the floor that was recovered by another officer. Following a tier III disciplinary hearing, petitioner was found not guilty of assaulting an incarcerated individual and creating a disturbance, but guilty of the remaining charges. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and related documentation provide substantial evidence supporting the finding of guilt (see Matter of James v Venettozzi, 201 AD3d 1288, 1289-1290 [3d Dept 2022]; Matter of Robinson v Annucci, 197 AD3d 1453, 1454 [3d Dept 2021]). Although the Hearing Officer credited the evidence in the record that petitioner was not the initial aggressor in finding him not guilty of creating a disturbance and assault, petitioner continued to fight after being ordered to stop and was observed making a slashing motion toward the other participant and dropping a weapon (see Matter of Mills v Annucci, 149 AD3d 1593, 1594 [4th Dept 2017]; Matter of Gloster v Goord, 278 AD2d 568, 568-569 [3d Dept 2000], appeal dismissed 96 NY2d 825 [2001]). The contrary testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [3d Dept 2020], lv denied 37 NY3d 905 [2021]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [3d Dept 2020]).
Turning to petitioner's procedural objections, we reject his contention that he was improperly denied certain witnesses. One of his requested witnesses, an incarcerated individual who had not previously agreed to testify, signed a witness refusal form with the reason for the refusal (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Walton v Annucci, 181 AD3d 1085, 1086-1087 [3d Dept 2020]). Petitioner also requested testimony from the unnamed correction officer who placed him in handcuffs. The Hearing Officer informed petitioner that, despite his inquiries, he was unable to identify who had handcuffed petitioner. Moreover, several correction officers testified that they did not know who had placed petitioner [*2]in handcuffs, and a sergeant testified that the facility policy is that, unless restraints are placed on an incarcerated individual by force, the identity of the officer who applied the restraint is not documented. Under these circumstances, "the Hearing Officer made a diligent effort to identify the requested witness" (Matter of McClough v Fischer, 118 AD3d 1228, 1229 [3d Dept 2014]; see Matter of Harriott v Annucci, 170 AD3d 1294, 1296 [3d Dept 2019]). Petitioner's contention that he was improperly denied the testimony of his employee assistant is unpreserved for review, as the record reflects that he did not ask for this witness or raise an objection to the lack of the assistant's testimony (see Matter of Davis v Annucci, 140 AD3d 1432, 1433 [3d Dept 2016], appeal dismissed 28 NY3d 1109 [2016]). Although petitioner argues that he was improperly denied the misbehavior reports of the other incarcerated individuals involved and certain medical records of the correction officer that had authored his misbehavior report, the record reflects that petitioner failed to request these documents from his employee assistant or during the hearing (see Matter of Mullins v Annucci, 177 AD3d 1061, 1062 [3d Dept 2019]; Matter of Harris v Venettozzi, 167 AD3d 1127, 1128 [3d Dept 2018]).
Contrary to petitioner's contention, the misbehavior report was sufficiently detailed to provide him with notice of the charges against him and afford him an opportunity to prepare a meaningful defense (see Matter of Devaughn v Heff, 189 AD3d 1803, 1804 [3d Dept 2020]; Matter of Heard v Annucci, 155 AD3d 1166, 1167 [3d Dept 2017]). Further, "although petitioner claims that portions of the hearing were not electronically recorded, the hearing transcript does not substantiate this claim nor disclose the existence of gaps in the testimony that preclude meaningful review" (Matter of Boyd v Prack, 136 AD3d 1136, 1137 [3d Dept 2016]; see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [3d Dept 2015], appeal dismissed 26 NY3d 964 [2015]). Finally, based upon our review of the record, we conclude "that the hearing was conducted in a fair and impartial manner and that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of Manwaring v Rodriguez, 205 AD3d 1200, 1201 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Fulton v Capra, 199 AD3d 1139, 1141 [3d Dept 2021]). To the extent that petitioner's remaining claims are properly before us, including his challenge to the hearing extension, they have been reviewed and found to be without merit.
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: According to a Use of Force Report filed by another correction officer, a third incarcerated individual was also involved in the altercation.