Matter of Agostini v Venettozzi (2023 NY Slip Op 01559)

Matter of Agostini v Venettozzi

2023 NY Slip Op 01559

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

535203 
[*1]In the Matter of Benedict Agostini, Petitioner,
v
Donald Venettozzi, as Acting Director of Inmate Discipline and Special Housing, Respondent.

Calendar Date:February 10, 2023

Before:Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ.

Benedict Agostini, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violent conduct, fighting and creating a disturbance after his cellmate was found bleeding from the side of his head and was later determined to have injuries consistent with fighting, including a fractured skull, fractured cheek bone and black eyes. Medical testimony established that the victim's injuries were not consistent with petitioner's claim that the victim had fallen out of bed but, rather, were caused by blunt force trauma consistent with closed-fist punches or boots. Although petitioner, who had been alone in the cell with the victim, refused medical attention, correction officers observed heavy blood on his boots and marks on his hands consistent with having been in a fight. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed and, upon administrative review, the determination was affirmed with a modified penalty. This CPLR article 78 proceeding ensued.
We confirm. Contrary to his claim, petitioner was not denied any requested witnesses or documents. The victim, who had not previously agreed to testify, executed a witness refusal form that supplied sufficient reasons why he did not wish to testify, which was read into the record (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Petitioner's request for medical testimony was granted, and a facility nurse who reviewed the victim's medical records and the injury report testified to his injuries. In view of this, petitioner's request to call the nurse who authored the injury report, which was read into the record, was properly denied, as it would have been redundant (see Matter of Steele v Annucci, 178 AD3d 1226, 1227 [3d Dept 2019]; Matter of Rahman v Annucci, 172 AD3d 1810, 1811 [3d Dept 2019]). With regard to his claim that he did not receive the unusual incident report, the pertinent section of the preliminary unusual incident report describing the incident was read into the record (see Matter of James v Venettozzi, 201 AD3d 1288, 1290 [3d Dept 2022]), he was fully advised of the nature of the victim's injuries and conclusion that they were the result of a fight, and the report did not contain any relevant additional or exculpatory information (see Matter of Malloy v Rodriguez, 200 AD3d 1382, 1383 [3d Dept 2021]).
Petitioner's complaints regarding how the Hearing Officer conducted the hearing are belied by the record, which reflects that it was conducted in a fair and impartial manner (see Matter of Almonte v Annucci, 211 AD3d 1216, 1216 [3d Dept 2022]). Although petitioner was warned about the consequences [*2]of his disruptive and argumentative behavior, that warning was justified, and "the record does not reveal that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Steele v Annucci, 178 AD3d at 1227; see Matter of Thanh Giap v Fischer, 69 AD3d 1079, 1080 [3d Dept 2010]; see also 7 NYCRR 254.6 [a] [2]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to lack merit.
Garry, P.J., Egan Jr., Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.