Matter of Edwards v New York State Dept. of Corr. & Community Supervision (2025 NY Slip Op 06777)

Matter of Edwards v New York State Dept. of Corr. & Community Supervision

2025 NY Slip Op 06777

Decided on December 4, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 4, 2025

CV-25-0647
[*1]In the Matter of Mark Edwards, Petitioner,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:November 14, 2025

Before:Clark, J.P., Lynch, Fisher, Powers and Corcoran, JJ.

Mark Edwards, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
While searching another individual's cube, a correction officer observed petitioner, an incarcerated individual, smiling and moving his right hand in his lap underneath a book. As the correction officer approached petitioner, he removed the book and continued to masturbate while staring at the correction officer. After petitioner refused a direct order to stop his behavior and clothe himself, he was removed from the unit. As a result of this incident, he was charged in a misbehavior report with engaging in lewd conduct, creating a disturbance, refusing a direct order and stalking. Upon being escorted out of his cube to a stairwell for a pat frisk, petitioner turned off the wall and struck a correction officer in the right eye with his right elbow. An emergency rescue was called, and petitioner continued to refuse orders to comply and remained combative, resulting in the use of force. As a result of this incident, petitioner was charged in a second misbehavior report with assaulting staff, engaging in violent conduct, creating a disturbance, refusing a direct order and refusing a search or frisk. Following a combined tier III disciplinary hearing, petitioner was found guilty of all of the charges. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.[FN1]
We confirm. Contrary to petitioner's contention, we find that, "although the hearing transcript contains inaudible portions, the gaps are not so substantial or significant as to preclude meaningful review of the procedural arguments advanced by petitioner" (Matter of Smith v Annucci, 217 AD3d 1306, 1306 [3d Dept 2023] [internal quotation marks and citation omitted]; see Matter of Olukotun v Gardner, 221 AD3d 1164, 1165 [3d Dept 2023], lv denied 42 NY3d 902 [2024]). Turning to the balance of petitioner's procedural claims, we disagree that he was improperly denied documentation that he requested. The record establishes that petitioner was provided with his medical documentation and logbook entries, and the Hearing Officer afforded petitioner an adequate opportunity at the hearing to review the available documentation that he was permitted to view, including the preliminary versions of the unusual incident report, use of force report and to/from memoranda (see Matter of Caraway v Annucci, 144 AD3d 1296, 1298 [3d Dept 2016], lv denied 29 NY3d 903 [2017]). Moreover, "our in camera review of the final unusual incident report fails to disclose any information exonerating petitioner of his guilt, and petitioner has otherwise failed to demonstrate that he was prejudiced by not receiving a copy of such report" (Matter of Coggins v Rodriguez, 236 AD3d 1285, 1287 [3d Dept 2025]). Furthermore[*2], upon reviewing the preliminary versions of these documents at the hearing, petitioner, without further protest, informed the Hearing Officer that he wanted "to move [the hearing] forward."
Petitioner's contention that he was improperly denied the right to call two incarcerated individuals as defense witnesses is without merit. Contrary to petitioner's contention, one of his requested witnesses testified, and the record reflects that the other two requested witnesses, who had not previously agreed to testify, executed witness refusal forms, specifically noting that they either did not see anything or did not want to testify, and the Hearing Officer provided petitioner with this information. Further inquiry by the Hearing Officer was not required (see Matter of Cortorreal v Annucci, 28 NY3d 54, 59-60 [2016]; Matter of Agostini v Venettozzi, 214 AD3d 1228, 1228-1229 [3d Dept 2023]; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Finally, to the extent that petitioner claims that the Hearing Officer predetermined his guilt or was otherwise biased, we find such contention "not supported by the record; notably, an adverse ruling or credibility determination is not indicative of bias nor is there any indication that the determination of guilt flowed from any alleged bias" (Matter of Alsima v Bondarenka, 238 AD3d 1421, 1422 [3d Dept 2025] [internal quotation marks and citation omitted]). Petitioner's remaining arguments, to the extent that they are properly before us, have been examined and found to be lacking in merit.
Clark, J.P., Lynch, Fisher, Powers and Corcoran, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: "Although petitioner does not raise the issue of substantial evidence in his petition and, thus, the proceeding was improperly transferred, we shall retain jurisdiction and address petitioner's claims in the interest of judicial economy" (Matter of Walton v Annucci, 181 AD3d 1085, 1086 n [3d Dept 2020] [citations omitted]).