■ In the Matter of JESSE SHANNON, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [923 NYS2d 317]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While approximately 27 inmates were exiting the company for their evening meal, a fight broke out between two of them and all of the inmates were given a direct order to return to their cells and lock in. Many of the inmates did not comply and remained out of their cells, contributing to the disturbance. Thereafter, correction officers identified the offenders using the meal list and petitioner was charged in a misbehavior report with several disciplinary infractions. Following a tier III disciplinary hearing, he was found guilty of interference, refusing a direct order and movement violation. That determination was affirmed on administrative appeal, after which petitioner commenced this CPLR article 78 proceeding.

Prison disciplinary determinations will be upheld when supported by substantial evidence, which has also been characterized as "the kind of evidence on which responsible persons are accustomed to rely in serious affairs" (*People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985] [internal quotation marks and citation omitted]; *see Matter of Diehsner v Schenectady City School Dist.*, 152 AD2d 796, 797 [1989]). Here, both correction officers present during the incident testified that they could not affirmatively identify petitioner as having participated, and the officer who authored the report stated that he simply worked from the meal list and wrote misbehavior reports for all inmates on the list who locked in behind cell 16. Thus, with no particulars regarding petitioner's alleged misconduct, it was left to him to disprove actual participation in the disturbance (*see Matter of Bryant v Coughlin*, 77 NY2d 642, 649 [1991]). To that end, the only eyewitness testimony came from petitioner and his inmate witness, who both stated that petitioner was lying down in his cell and never exited during the period of time in which he was alleged to have participated. As such, we find that the misbehavior report alone cannot constitute substantial evidence of guilt inasmuch as it fails to specify any particulars about petitioner's alleged offensive conduct (*see Matter of Bryant v Coughlin*, 77 NY2d at 649; *Matter of Sowell v Coombe*, 234 AD2d 842, 843 [1996]; *Matter of Cruz v Amico*, 186 AD2d 841, 842 [1992]).

Peters, J.P., Spain, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determination is annulled, without

costs, petition granted and respondent is directed to expunge all references thereto from petitioner's institutional record.