In the Matter of WILLIAM CHIARAPPA, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [923 NYS2d 310]—

Proceeding pursuant to CPLR article 78 (transferred to this Court, by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

During a search of petitioner's cell, a correction officer found a folded metal can lid hidden under some clothing on the shelf of petitioner's large locker. Petitioner, in turn, charged at the officer and tried to strike him with a clenched fist. In response, the officer forced petitioner to the ground and held him until other officers assisted in placing petitioner in mechanical restraints. Petitioner continued to resist despite the officer's directives to stop. Petitioner was escorted out of the area to the infirmary where he kicked another correction officer with his foot. As a result, petitioner was charged in a misbehavior report with engaging in violent conduct, possessing a weapon, assaulting staff, refusing a direct order and creating a disturbance. Following a tier III disciplinary hearing, petitioner was found guilty of all of the charges except for creating a disturbance. The de-

termination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, together with the related documentation, provide substantial evidence supporting the determination of guilt (*see Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]; *Matter of Kimble v Fischer*, 56 AD3d 879, 880 [2008]). Although petitioner denied engaging in any of the conduct providing the basis for the disciplinary rule violations, this presented an issue of credibility for the Hearing Officer to resolve (*see Matter of Roussopoulas v Cunningham*, 76 AD3d 730, 731 [2010]; *Matter of Lynch v Fischer*, 76 AD3d 734, 735 [2010]). Therefore, we find no reason to disturb respondent's determination.

Mercure, J.P., Peters, Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.