In the Matter of ANPU UNNEFER AMEN, Petitioner, v RANDY T. JAMES, as Superintendent of Livingston Correctional Facility, Respondent. [949 NYS2d 297]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations which found petitioner guilty of violating certain disciplinary rules.

In this CPLR article 78 proceeding, petitioner seeks review of determinations of guilt in three prison disciplinary proceedings against him. The first stems from the recovery of prohibited documents during a frisk of petitioner's cube and, following a tier II disciplinary hearing, he was found guilty of illegal exchange and possession of another inmate's documents regarding crimes and sentencing. The detailed misbehavior report and documentary evidence provide substantial evidence supporting the determination (*see Matter of Smith v Fischer*, 85 AD3d 1481, 1482-1483 [2011]). Petitioner's claim that the report was not in his possession presented a credibility issue for the Hearing Officer to resolve (*see Matter of Barnes v Bezio*, 86 AD3d 884, 884-885 [2011]).

The second determination arises from petitioner's efforts to publish and sell a litigation manual authored by him despite warnings that some of his endeavors were prohibited. Following a tier III disciplinary hearing, petitioner was found guilty of refusing a direct order, possessing contraband, a facility correspondence violation and unauthorized legal assistance, and the determination was affirmed on administrative appeal. Contrary to petitioner's contention, the misbehavior report, hearing testimony and copies of the correspondence and enclosures constitute substantial evidence supporting the determination (*see*

*Matter of Fitzpatrick v Prack*, 93 AD3d 978, 978-979 [2012]). Petitioner's claims that he was not attempting to conduct a business presented a credibility question that the Hearing Officer resolved against him (*see Matter of McNeil v Fischer*, 95 AD3d 1520, 1521 [2012]). Petitioner's further claim that he was prohibited from introducing certain documentary evidence at the hearing is not supported by the record.

The final determination stems from a frisk of petitioner's cell that disclosed various prohibited items. He was found guilty of smuggling and possession of property in an unauthorized area, and his administrative appeal was unsuccessful. The misbehavior report and the testimony of a correction officer present during the search provide substantial evidence supporting the determination (*see Matter of Silverstein v Bezio*, 65 AD3d 1424, 1424-1425 [2009]).

Petitioner's remaining contentions, to the extent they are properly before us, have been considered and found to be without merit.

Mercure, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.