Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was among a group of inmates being escorted to the afternoon meal. As the inmates reached the rotunda, they were given orders to proceed to the laundry gate. When one of the inmates was taken out of line for a random pat frisk, the remaining inmates, including petitioner, collectively refused to proceed further down the corridor despite several directives by correction staff to do so. Consequently, petitioner was charged in a misbehavior report with refusing a direct order and engaging in a demonstration. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. Initially, that part of the determination finding petitioner guilty of engaging in a demonstration is supported by substantial evidence consisting of the misbehavior report and hearing testimony (see Matter of Amen v James, 98 AD3d 772, 772 [2012]; Matter of Chiarappa v Fischer, 84 AD3d 1628, 1629 [2011]). Petitioner’s exculpatory explanation for his failure to cooperate presented a credibility issue for the Hearing Officer to resolve (see Matter of Mungo v Director of Special Hous. & Inmate Disciplinary Programs, 93 AD3d 1057, 1058 [2012], appeal dismissed 19 NY3d 919 [2012]; Matter of Chiarappa v Fischer, 84 AD3d at 1629).* Finally, to the extent that petitioner challenges the evidence supporting that part of the determination finding him guilty of refusing a direct order, his guilty plea preludes such a challenge (see Matter of Toliver v Department of Corr., 98 AD3d 1170 [2012]; Matter of Rosario v Fischer, 95 AD3d 1528, 1529 [2012]). Therefore, we decline to disturb the determination of guilt.
Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 As to petitioner’s objection to respondent’s submission of confidential information for in camera review, we note that such documentation was neither relied upon by the Hearing Officer nor considered by this Court.