Stein, J.E
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was observed with 16 other inmates who had congregated near a facility entrance in the yard and, when directed by a correction officer to disperse, failed to do so. As a result, petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting demonstration, refusing a direct order, being out of place and violating movement regulations. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was upheld on administrative appeal. Petitioner thereafter commenced this CPLR article 78 proceeding, and we confirm.
Initially, we reject petitioner’s contention that the misbehavior report was not sufficiently detailed. The report identified the date, time and place of petitioner’s rule violations, the specific rules that he violated and the manner in which he violated them. In our view, the report provided sufficient detail to discern petitioner’s role in the incident so as to prepare a defense (see 7 NYCRR 251-3.1 [c] [4]; Matter of Ortiz v Fischer, 91 AD3d 1006, 1007 [2012]; Matter of Rios v Fischer, 59 AD3d 797, 797 [2009]; compare Matter of Bryant v Coughlin, 77 NY2d 642, 648 [1991]; Matter of Shannon v Fischer, 84 AD3d 1614, 1615 [2011]).
Further, the misbehavior report, combined with the hearing *1089 testimony of the authoring correction officer, the correction officer who escorted petitioner from the scene of the incident and petitioner himself, provided substantial evidence to support the determination of guilt (see Matter of Perea v Fischer, 107 AD3d 1253, 1253 [2013]; Matter of Watson v New York State Dept. of Correctional Servs., 82 AD3d 1435, 1435 [2011]; compare Matter of Bryant v Coughlin, 77 NY2d at 648; Matter of Shannon v Fischer, 84 AD3d at 1615). The authoring officer identified petitioner as one of the 17 inmates who was involved in the incident (compare Matter of Shannon v Fischer, 84 AD3d at 1615) and, in fact, petitioner does not dispute that he was in the area when the incident occurred or that he heard the officer yell for the inmates to walk away. Petitioner’s testimony asserting his innocence presented a credibility determination for the Hearing Officer to resolve (see Matter of Perea v Fischer, 107 AD3d at 1253; Matter of Watson v New York State Dept. of Correctional Servs., 82 AD3d at 1435-1436). While the authoring officer was mistaken with respect to the manner in which petitioner was removed from the area after the incident occurred, such discrepancy did not preclude the Hearing Officer from crediting his account of the underlying incident itself.
McCarthy, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.