Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was randomly selected to provide a urine specimen for testing. He was informed that if he did not provide a specimen within three hours, it would be considered a refusal and he would be subject to the same disciplinary disposition as if he had provided a specimen that tested positive. After more than an hour, petitioner informed a correction officer that he could not provide a specimen in the officer’s presence and requested special accommodations. He was interviewed by a sergeant who contacted the medical department, but his request for special *1099 accommodations was ultimately denied. Close to the expiration of the three-hour period, the correction officer provided petitioner with a cup of water as he requested and petitioner drank it, turned away from the officer, urinated into the cup and then threw the cup onto the floor. As a result, he was charged in a misbehavior report with refusing a direct order, committing an unhygienic act and violating urinalysis testing procedures. Following a tier III disciplinary hearing, he was found guilty of the charges. The determination was later affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.
We confirm. The detailed misbehavior report and related documentation provide substantial evidence supporting the determination of guilt (see Matter of Amen v James, 98 AD3d 772, 772 [2012]; Matter of Chiarappa v Fischer, 84 AD3d 1628, 1629 [2011]). Petitioner’s denial of the charges presented a credibility issue for the Hearing Officer to resolve (see Matter of Madden v Griffin, 109 AD3d 1060, 1061 [2013], lv denied 22 NY3d 860 [2014]; Matter of White v Fischer, 108 AD3d 891, 892 [2013], lv denied 22 NY3d 853 [2013]). Accordingly, we find no reason to disturb respondent’s determination.
Lahtinen, J.P, Stein, McCarthy and Egan Jr., JJ., concur.
Adjudged that the determination is confirmed, without costs, and petition dismissed.