*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 23, 2016                    521772
_____

In the Matter of CHARLES
    WILLIAMS,
                        Petitioner,

        v                                MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

Calendar Date:  May 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        Charles Williams, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        Petitioner was charged in a misbehavior report with using a
controlled substance after his urine twice tested positive for
THC.  Following a tier III disciplinary hearing, he was found
guilty as charged.  The determination was affirmed upon
administrative appeal with a modified penalty.  This CPLR article
78 proceeding ensued.

        We confirm.  The misbehavior report, positive urinalysis
test results and related documentation, as well as the hearing

testimony, provide substantial evidence to support the determination of guilt (see Matter of Martinez v Annucci, 134 AD3d 1380, 1380-1381 [2015]; Matter of Williams v Annucci, 134 AD3d 1378, 1378-1379 [2015], lv denied 27 NY3d 904 [2016]). Petitioner's contention that he was denied adequate assistance is without merit as the Hearing Officer remedied any deficiencies and petitioner has failed to demonstrate that he was prejudiced (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016]; Matter of Guillory v Annucci, 125 AD3d 1024, 1025 [2015], lv denied 25 NY3d 905 [2015]). Further, the Hearing Officer did not err in denying petitioner's request to have another inmate's urinalysis procedure form entered into evidence as it was irrelevant to the charge against him and, in any event, the inmate was permitted to testify regarding the contents of the form and its similarity to petitioner's form (see Matter of McCorkle v Bennett, 8 AD3d 918, 919 [2004]).

Petitioner's request to call the former superintendent of the correctional facility and the supervisor of the inmate grievance program was properly denied as their testimony would have been irrelevant to whether petitioner was guilty of the charge (see Matter of Sanders v Annucci, 128 AD3d 1156, 1157 [2015], appeal dismissed 26 NY3d 964 [2015]). Further, the record confirms that the Hearing Officer made a sufficient inquiry after one of petitioner's requested inmate witnesses refused to testify (see Matter of Rodriguez v Annucci, 136 AD3d 1083, 1084 [2016]; Matter of Thurmond v Fischer, 112 AD3d 1234, 1235 [2013]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court