■ In the Matter of DANIEL SUNKES, Petitioner, v A. RUSSO, as Deputy Superintendent of Security, Eastern N.Y. Correctional Facility, Respondent. [56 NYS3d 915]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After correction officials at the correctional facility where petitioner was incarcerated implemented a new bathroom pass policy, approximately 30 inmates ceased working in the mattress shop and stood in line for the inmate bathroom in protest. According to the misbehavior report written by a correction officer doing rounds in the mattress shop, the officer observed petitioner stop working and stand in the aforementioned line. According to the misbehavior report, the officer issued a direct order to petitioner for him to return to his work area and continue working, and petitioner did not comply. As a result of this incident, petitioner was charged in a misbehavior report with numerous disciplinary rule violations. Following a tier II disciplinary hearing, he was found guilty of engaging in a demonstration, participating in an unauthorized assembly and refusing a direct order. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.

The detailed misbehavior report and the testimony of its author provide substantial evidence to support the determination of guilt (see Matter of Encarnacion v Bellnier, 89 AD3d 1301, 1302 [2011]; Matter of Arpa v David, 32 AD3d 1140, 1141 [2006]; Matter of Pryce v Sabourin, 296 AD2d 674 [2002]). Contrary to petitioner's claim, the author of the misbehavior report did not indicate that petitioner had not participated in the protest by crossing out petitioner's name on an inmate count report related to the mattress shop. As the correction officer explained, he attached the count report to petitioner's misbehavior report in order to identify inmates other than petitioner who had also participated in the protest, which accounted for his action in crossing out petitioner's name and the names of those inmates who had not participated in the protest. The credibility of the correction officer's testimony, and the credibility of petitioner's testimony that he did not participate in the protest or refuse any order, presented an issue for the Hearing Officer to resolve (see Matter of Ashley v Annucci, 145 AD3d 1238, 1239 [2016], lv denied 29 NY3d 905 [2017]; Matter of Marhone v Schuck, 142 AD3d 1232, 1232 [2016]). Moreover, upon reviewing the record, there is no indication that the Hearing Officer was biased or that the determination of guilt flowed from any alleged bias (see Matter of Johnson v Annucci, 141 AD3d 996, 997 [2016], lv denied 28 NY3d 901 [2016]; Matter of Bekka v Annucci, 137 AD3d 1446, 1447 [2016]). Petitioner's remaining contentions have been reviewed and found to be without merit.

McCarthy, J.P., Garry, Rose, Devine and Aarons, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.