concur. Adjudged that the petition is dismissed, as moot, without costs.

■ In the Matter of JERRY BARNES, Petitioner, v WILLIAM LEE, as Superintendent of Eastern N.Y. Correctional Facility, et al., Respondents. [60 NYS3d 708]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Eastern N.Y. Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with refusing a direct order, participating in a work stoppage and joining in an assembly of inmates without authorization following an incident in the prison mattress shop in which approximately 30 inmates ceased work to stand in line at the bathroom in an apparent protest of a new bathroom pass policy and then refused direct orders to disperse and return to work. Petitioner was found guilty of all charges at the conclusion of a tier II disciplinary hearing, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the documentary evidence and testimony at the hearing, provide substantial evidence to support the determination of guilt (*see Matter of Rivera v Fischer*, 118 AD3d 1194, 1195 [2014]; *Matter of Basbus v Prack*, 112 AD3d 1088, 1088 [2013]). Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide a sufficient basis to discern petitioner's role in the incident (*see* 7 NYCRR 251-3.1 [c] [4]; *Matter of Basbus v Prack*, 112 AD3d at 1088). Also without merit is petitioner's contention that he was improperly denied certain witnesses as the requested witnesses were either not present during the incident or their testimony would have been redundant (*see Matter of Telesford v Annucci*, 145 AD3d 1304, 1305-1306 [2016]). Finally, we are unpersuaded by petitioner's contention that the Hearing Officer was disqualified from presiding over the hearing as the Hearing Officer confirmed that he did not respond to the incident, but arrived later only to supervise the frisk out (*see* 7 NYCRR 254.1; *Matter of Vega v New York State Dept. of Correctional Servs.*, 92 AD3d 991, 992 [2012]). Petitioner's remaining contentions, to the extent that

are properly before us, have been reviewed and found to be without merit.

McCarthy, J.P., Garry, Rose, Aarons and Rumsey, JJ, concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.