Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Petitioner was charged with violating prison disciplinary rules after an incident in the prison mattress shop, in which 30 inmates collectively stopped working, stood in line for the bathroom in an apparent protest over a new bathroom pass policy and then refused direct orders to disperse and resume working. Following a tier II disciplinary hearing, petitioner was found guilty of refusing a direct order, participating in a work stoppage and joining an assembly of inmates without authorization and a penalty was imposed. The determination was upheld on administrative appeal, and this CPLR article 78 proceeding ensued.
 

 We confirm. The misbehavior report and the hearing testimony of the authoring correction officer and other officers provide substantial evidence to support the determination of guilt (see Matter of McClain v Venettozzi, 146 AD3d 1264, 1265 [2017]; Matter of Basbus v Prack, 112 AD3d 1088, 1089 [2013]). With regard to petitioner’s claim that his participation in the incident was not proven because the witnesses could not identify where he was in the protest line, the testimony and evidence established that only six inmates were not involved— three had been called out of the room and three remained at their work stations — and that all others, including petitioner, participated (see Matter of Basbus v Prack, 112 AD3d at 1089; compare Matter of Shannon v Fischer, 84 AD3d 1614, 1615 [2011]). Further, according to the author of the report, he gave several direct orders for the group to disperse, but none of the inmates in the line complied until the area supervisor arrived. Contrary to petitioner’s claims, the misbehavior report adequately set forth the particulars of the group incident and petitioner’s role in it, i.e., that he, along with the other inmates, ceased work and stood in line in protest and ignored orders to disperse (see 7 NYCRR 251-3.1 [c]; Matter of Pagan v Venettozzi, 151 AD3d 1508, 1509 [2017]). Finally, his contention that the inmates in line were merely complying with the new policy rather than protesting created a credibility issue for the Hearing Officer to resolve (see Matter of Rivera v Fischer, 118 AD3d 1194, 1195 [2014]). The remaining claims similarly lack merit.
 

 Garry, J.R, Rose, Mulvey, Aarons and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.