Aarons, J.
 

 Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
 

 Based on allegations that included that petitioner, along with approximately 30 other inmates, ceased working in a mattress shop and stood in line for a bathroom in protest of a new bathroom pass policy, petitioner was charged in a misbehavior report with refusing to obey a direct order, violating frisk procedures, interfering with an employee, participating in a work stoppage, creating a disturbance and unauthorized assembly. Based on allegations that petitioner failed to comply with subsequent orders regarding a frisk, petitioner was charged in a second misbehavior report with refusing to obey a direct order and failing to comply with frisk and search procedures. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner was sentenced to 270 days of confinement in the special housing unit with loss of privileges, which, on administrative appeal, was modified to 90 days with loss of privileges. This CPLR article 78 proceeding ensued.
 

 Petitioner’s contention that substantial evidence does not support his determination of guilt for interfering with an employee, participating in a work stoppage, creating a disturbance and unauthorized assembly is without merit.
 
 *
 
 The relevant misbehavior report conveys that the author observed petitioner, along with approximately 30 other inmates, stop work and stand in line to the bathroom. According to the report, petitioner then failed to comply with several orders to disperse and return to his work area. The report further explained that petitioner’s actions contributed to the facility being shut down for 50 minutes. The author of the misbehavior report testified to facts confirming those relayed by the report. The foregoing constituted substantial evidence to support the determination of guilt (see Matter of Sunkes v Russo, 153 AD3d 994, 995 [2017]; Matter of Pryce v Sabourin, 296 AD2d 674, 674 [2002]). To the extent that petitioner and other inmates testified to contrary versions of events, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Sunkes v Russo, 153 AD3d at 995; Matter of Marhone v Schuck, 142 AD3d 1232, 1232 [2016]).
 

 Petitioner’s contention that he was improperly denied the right to call certain witnesses is also without merit. At the hearing, petitioner explained that he wished to question the witnesses about whether other inmates in the mattress shop were subject to similar disciplinary charges to his own. As the issue that petitioner wished to pursue was collateral to his guilt, the Hearing Officer did not err in denying the witnesses as immaterial (see Matter of Williams v Annucci, 140 AD3d 1498, 1499 [2016]; Matter of Callender v Selsky, 41 AD3d 1065, 1066 [2007]). Finally, we reject petitioner’s contention that his special housing unit penalty was excessive.
 

 Peters, P.J., Garry, Mulvey and Pritzker, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.
 

 *
 

 Petitioner concedes that substantial evidence exists to support the determination of guilt for refusing to obey a direct order and violating frisk procedures.