Matter of Williams v Lee (2018 NY Slip Op 02853)





Matter of Williams v Lee


2018 NY Slip Op 02853


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

525308

[*1]In the Matter of JONATHAN WILLIAMS, Petitioner,
v
WILLIAM LEE, as Superintendent of Eastern N.Y. Correctional Facility, Respondent.

Calendar Date: March 2, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Jonathan Williams, Otisville, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, interfering with an employee, engaging in a work stoppage, creating a disturbance and unauthorized assembly. The charges stemmed from an incident in the correctional facility's mattress shop, wherein petitioner and approximately 30 other inmates collectively stopped working, stood in line for the bathroom — in an apparent protest over a new bathroom pass policy — and thereafter refused direct orders to disperse and resume working. Two of the charges — interfering
with an employee and creating a disturbance — subsequently were withdrawn and, at the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of refusing a direct order, engaging in a work stoppage and unauthorized assembly, and a penalty was imposed. That determination was affirmed upon administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The detailed misbehavior report and the testimony adduced at the hearing, including petitioner's admission that he was one of the inmates standing in line for the bathroom, constitute substantial evidence to support the determination of guilt (see Matter of Shabazz v Annucci, 155 AD3d 1282, 1283 [2017]; Matter of Barnes v Lee, 153 AD3d 1543, 1543 [2017]; Matter of Dallas v Lee, 153 AD3d 1532, 1533 [2017], lv denied 30 NY3d 911 [2018]). Notably, [*2]the record reflects that petitioner and the remaining inmates did not initially comply with the correction officer's order to disperse and return to their work stations, doing so only after the area supervisor arrived, and petitioner's professed lack of awareness regarding the bathroom pass policy presented a credibility issue for the Hearing Officer to resolve (see Matter of Shabazz v Annucci, 155 AD3d at 1283). Finally, contrary to petitioner's assertion, not every facility or departmental policy need be reduced to a disciplinary rule, and we find that "[t]he misbehavior report . . . was sufficiently specific to both provide petitioner with notice of the charges against him and enable him to discern his role in the incident, thereby affording him an opportunity to prepare a meaningful defense" (Matter of Robinson v Lee, 155 AD3d 1169, 1170 [2017]; see Matter of Barnes v Lee, 153 AD3d at 1543; Matter of Dallas v Lee, 153 AD3d at 1533). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.