Matter of Johnson v Griffin (2019 NY Slip Op 00123)





Matter of Johnson v Griffin


2019 NY Slip Op 00123


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-04839
 (Docket No. 15/17)

[*1]In the Matter of Marsean Johnson, petitioner,
v
Thomas Griffin, etc., respondent.


Marsean Johnson, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated October 18, 2016, which affirmed a determination of a hearing officer dated October 16, 2016, made after a Tier II disciplinary hearing, finding the petitioner guilty of violating Institutional Rules of Conduct rules 104.12 and 106.10 (7 NYCRR 270.2[B][5][iii]; [7][i]), and imposing penalties.
ADJUDGED that the petition is granted, on the law, without costs or disbursements, the determination is annulled, the penalties imposed are vacated, the charges are dismissed, and the respondent is directed to expunge all references to the finding from the petitioner's institutional record.
The petitioner was charged with violating prison disciplinary rules after an incident in which 146 inmates allegedly grouped in the prison yard and did not comply with direct orders to exit the yard and return to their cell blocks. The inmate misbehavior report alleged that the incident had occurred, but failed to allege that the petitioner was among those who grouped in the yard and did not comply with the order to leave.
At a Tier II disciplinary hearing, the reporting sergeant testified that a group of inmates had gathered in the prison yard and refused to return to their cells. He further testified that the door to the yard was closed, but during the 45-minute period in which he was talking with the inmates, the door was open and shut several times to allow any inmate in the yard ample time to exit if he wanted to do so. The sergeant also testified that he did not see the petitioner in the yard at any point during the incident, but that the petitioner's name had come up in conversations with officers and was on a list indicating that he was in the yard that evening. Another officer testified that he saw the petitioner returning to his cell after the incident. The petitioner admitted that he had been in the yard when the gathering occurred, but he denied involvement and stated that he left the yard when directed.
The hearing officer found the petitioner guilty of violating Institutional Rules of Conduct rule 104.12, which prohibits, inter alia, participation in a demonstration (see 7 NYCRR 270.2[B][5][iii]), and rule 106.10, which requires that inmates promptly obey orders of department [*2]personnel (see 7 NYCRR 270.2[B][7][i]). The hearing officer's determination was affirmed upon the petitioner's administrative appeal. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the determination.
"A prison disciplinary determination must be supported by substantial evidence, meaning that in order to sustain a determination of guilt, a court must find that the disciplinary authorities have offered such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Bryant v Coughlin, 77 NY2d 642, 647; see CPLR 7803[4]; Matter of Bottom v Annucci, 26 NY3d 983, 985; People ex rel. Vega v Smith, 66 NY2d 130, 139; Matter of Archer v Annucci, 153 AD3d 919). A written misbehavior report made by an employee who observed an incident or ascertained the facts can constitute substantial evidence of an inmate's misconduct so long as it is sufficiently relevant and probative (see Matter of Bryant v Coughlin, 77 NY2d at 647; Matter of Foster v Coughlin, 76 NY2d 964, 966; Matter of Perez v Wilmot, 67 NY2d 615, 616; People ex rel. Vega v Smith, 66 NY2d at 140; Matter of Costantino v Goord, 38 AD3d 657, 658). Here, the record did not contain substantial evidence supporting the charges against the petitioner inasmuch as it failed to establish that the petitioner was one of the inmates who participated in the demonstration and refused to leave the yard when ordered to do so (see Matter of Bryant v Coughlin, 77 NY2d at 650; Matter of Cumberland v Annucci, 161 AD3d 859, 860; Matter of Jackson v Annucci, 149 AD3d 1077, 1078; cf. Matter of Dallas v Lee, 153 AD3d 1532; Matter of Basbus v Prack, 112 AD3d 1088, 1089).
Accordingly, the determination must be annulled, and all references to the determination must be expunged from the petitioner's institutional record.
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court