Matter of Beltre v Rodriguez (2020 NY Slip Op 04361)





Matter of Beltre v Rodriguez


2020 NY Slip Op 04361


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

530537

[*1]In the Matter of Melvin Beltre, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: June 26, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ.


Melvin Beltre, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
While a correction officer was conducting evening rounds, petitioner, in the presence of approximately 15 other inmates, became belligerent, aggressive and, despite being given multiple orders to cease his behavior, threatened to kill the correction officer and his family. As a result of the incident, petitioner was charged in a misbehavior report with making threats, creating a disturbance, refusing a direct order and harassing staff by using insolent language. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. Upon administrative appeal, the determination was affirmed, and a subsequent discretionary review modified the penalty. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony from the correction officer who authored that report provide substantial evidence to support the determination of guilt (see Matter of Woodward v Annucci, 175 AD3d 785, 786 [2019]; Matter of Diaz v Lee, 171 AD3d 1382, 1383 [2019]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]). The contrary testimony offered by petitioner and his inmate witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Woodward v Annucci, 175 AD3d at 786; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d at 1333). Finally, the record does not disclose any bias on the part of the Hearing Officer or that the determination flowed from any alleged bias (see Matter of Caldara v Annucci, 160 AD3d 1173, 1174 [2018]). We have examined petitioner's remaining claims and, to the extent that they are preserved, we find that they are lacking in merit. 
Garry, P.J., Lynch, Clark, Mulvey and Devine, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.