Matter of Abreu v Venettozzi (2020 NY Slip Op 05122)





Matter of Abreu v Venettozzi


2020 NY Slip Op 05122


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

531027

[*1]In the Matter of Juan Abreu, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 4, 2020

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Juan Abreu, Long Island City, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with participating in a demonstration. According to the misbehavior report, 42 inmates, including petitioner, were assembled in a day room for a substance abuse treatment session. When the program aides and the offender rehabilitation coordinator attempted to commence the meeting, all the inmates refused to participate. Thereafter, one of the inmates, in a loud voice, told a program aide that the inmates would not participate until a fellow inmate was returned to the dorm, to which petitioner allegedly was heard agreeing with that statement and getting verbally abusive toward the program aide. Following a tier III disciplinary hearing, petitioner was found guilty of the charge. Other than a modification of the penalty imposed, the determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, related documentation, testimony from those involved in the incident and petitioner's admissions at the hearing provide substantial evidence to support the determination of guilt (see Matter of Barnes v Lee, 153 AD3d 1543, 1543 [2017]; Matter of Basbus v Prack, 112 AD3d 1088, 1089 [2013]; Matter of Perea v Fischer, 107 AD3d 1253, 1253 [2013]). Regardless of whether petitioner became verbally abusive, the evidence establishes his role in the incident in that he, along with the other inmates, remained silent and would not participate in the meeting (see Matter of Barnes v Lee, 153 AD3d at 1543). Petitioner's exculpatory explanation for his silence, as well as any inconsistencies in the evidence, presented a credibility issue for the Hearing Officer to resolve (see Matter of Bekka v Annucci, 168 AD3d 1334, 1335 [2019]; Matter of Campos v Prack, 143 AD3d 1020, 1021 [2016]). Petitioner's remaining contentions are unpreserved for our review as they were not raised at the hearing or upon administrative review (see Matter of Bonnemere v Annucci, 153 AD3d 983, 984 [2017]).
Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.