Matter of Moses v Venettozzi (2020 NY Slip Op 06331)





Matter of Moses v Venettozzi


2020 NY Slip Op 06331


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

530605

[*1]In the Matter of James Moses, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: October 9, 2020

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


James Moses, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with possessing drugs after a correction officer discovered a bucket under petitioner's bed with 36 various colored balloons containing a brown green leafy substance, which later tested positive for synthetic cannabinoids. Following a hearing, petitioner was found guilty of possessing drugs. That determination was upheld upon administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
We confirm. Initially, the misbehavior report, the positive NARK II test results and related documentation, together with the hearing testimony and confidential testimony, provide substantial evidence to support the determination of guilt (see Matter of Favreau v Venettozzi, 173 AD3d 1587, 1588 [2019]; Matter of Moise v Annucci, 168 AD3d 1337, 1338 [2019]; Matter of Duchnowski v Annucci, 168 AD3d 1302, 1302 [2019]). Petitioner's protestations of innocence, and the testimony of his inmate witness who claimed to have been the owner of the drugs, raised credibility issues for the Hearing Officer to resolve (see Matter of Williams v Annucci, 120 AD3d 1479, 1480 [2014], lv denied 24 NY3d 911 [2014]).
We also reject petitioner's contention that the Hearing Officer was not properly authorized to conduct the hearing and was therefore not impartial. The record does not support petitioner's claim that the Hearing Officer was present during the search of his cell or directly involved in the incident (see 7 NYCRR 254.1; Matter of Barnes v Lee, 153 AD3d 1543, 1543 [2017]; Matter of Harrison v Venettozzi, 150 AD3d 1508, 1510 [2017], lv denied 30 NY3d 901 [2017]; Matter of O'Neal v Coughlin, 162 AD2d 826, 827 [1992]). Further, we find no evidence that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Ortiz v Venettozzi, 158 AD3d 865, 865 [2018]). To the extent that petitioner's remaining contentions are properly before us, they have been reviewed and found to be without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.