Matter of McClary v Annucci (2020 NY Slip Op 07448)





Matter of McClary v Annucci


2020 NY Slip Op 07448


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

531706

[*1]In the Matter of David McClary, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 13, 2020

Before: Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.


Prisoners' Legal Services of New York, Albany (Matthew McGowan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
During the celebration of a religious event in the prison facility's gymnasium, the 28 inmates in attendance were each given the option to line up and leave the event early if they opted to do so, at which time one of the inmates became belligerent and encouraged the other inmates to refuse to leave the event. As a result, the inmates who had lined up to leave the event early left the lineup, moved back to the gymnasium and refused staff direction to leave the gymnasium. Despite multiple direct orders to leave, petitioner remained with, and followed the direction from, the other inmates in the gymnasium who were advocating for a sit-in, and petitioner was ultimately placed in mechanical restraints and escorted away from that location. As a result of the incident, petitioner was charged in a misbehavior report with participating in a demonstration, creating a disturbance, participating in an unauthorized assembly, refusing to obey a direct order and leaving an assigned area. Following a tier III disciplinary hearing, petitioner was found guilty of all of the charges except leaving an assigned area. Upon administrative appeal, the determination of guilt was affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, hearing testimony and related documentation, including the unusual incident report, provide substantial evidence to support the determination of guilt (see Matter of Williams v Lee, 160 AD3d 1318, 1318 [2018]; Matter of Shabazz v Annucci, 155 AD3d 1282, 1283 [2017]; Matter of Dallas v Lee, 153 AD3d 1532, 1532, 1533 [2017], lv denied 30 NY3d 911 [2018]). Contrary to petitioner's claims, the misbehavior report, authored by a correction officer who witnessed the incident in question, adequately set forth the particulars of the group incident and petitioner's role in it, i.e., that he, along with the other inmates, refused staff direction to leave the gymnasium and end the demonstration and/or sit-in (see 7 NYCRR 251-3.1 [c]; Matter of Dallas v Lee, 153 AD3d at 1533; Matter of Garrett v Goord, 14 AD3d 826, 827 [2005]; Matter of Johnson v Sabourin, 290 AD2d 799, 800 [2002]). To the extent that petitioner and other inmates testified to contrary versions of the incident, such testimony presented credibility issues for the Hearing Officer to resolve (see Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]; Matter of Shabazz v Annucci, 155 AD3d at 1283). To the extent that petitioner's remaining contentions are properly before us and are not academic in light of our decision, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and [*2]petition dismissed.