Matter of Daniels v Venettozzi (2023 NY Slip Op 04166)

Matter of Daniels v Venettozzi

2023 NY Slip Op 04166

Decided on August 3, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 3, 2023

535675
[*1]In the Matter of Terrance Daniels, Petitioner,
v
Donald J. Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 23, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Terrance Daniels, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
During a block-wide cell search, a correction officer observed petitioner approach the bars of his cell with an object in his hand and then throw the object on the company floor. The correction officer maintained visual contact of the object until he was able to recover and secure the object, which was discovered to be a metal icepick-style weapon, sharpened to a point at one end and wrapped in a black sock. As a result of the incident, petitioner was charged in a misbehavior report with, among other offenses, possessing a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon. Upon administrative appeal, that determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and related documentation, together with the hearing testimony, including the testimony of the correction officer who observed the incident and recovered the weapon, provide substantial evidence supporting the determination of guilt (see Matter of Santos v Annucci, 209 AD3d 1084, 1084-1085 [3d Dept 2022]; Matter of Ramos v Annucci, 203 AD3d 1370, 1370 [3d Dept 2022]; Matter of Breazil v Griffin, 175 AD3d 1697, 1697-1698 [3d Dept 2019]). The contrary testimony of petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [3d Dept 2020], lv denied 37 NY3d 905 [2021]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [3d Dept 2020]). Petitioner's procedural contentions, including his arguments that he was improperly denied body camera footage of the incident and deprived of his rights to call witnesses and present documentary evidence, are unpreserved for our review due to petitioner's failure to request that evidence or to timely object on those grounds at his disciplinary hearing (see Matter of Estrada v Annucci, 199 AD3d 1145, 1146 [3d Dept 2021]; Matter of Harris v Venettozzi, 167 AD3d 1127, 1128 [3d Dept 2018]; Matter of McDay v Annucci, 156 AD3d 1082, 1083 [3d Dept 2017]; Matter of Mendez v Annucci, 126 AD3d 1216, 1217 [3d Dept 2015]).
Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.