Matter of Youngs v McGuinness (2025 NY Slip Op 00505)

Matter of Youngs v McGuinness

2025 NY Slip Op 00505

Decided on January 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 30, 2025

CV-23-1724
[*1]In the Matter of Robert Youngs, Petitioner,
v
Thomas McGuinness, as Superintendent of Shawangunk Correctional Facility, Respondent.

Calendar Date:January 3, 2025

Before:Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ.

Robert Youngs, Wallkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent finding petitioner guilty of violating certain disciplinary rules.
Petitioner was charged in a misbehavior report with disobeying a direct order and violating facility count procedures. The charges stemmed from an incident wherein petitioner failed to comply with the master count procedures requiring all incarcerated individuals to be standing in their cells with the lights on at the required time. At the conclusion of the tier II disciplinary hearing that followed, the Hearing Officer found petitioner guilty of the charges, and an administrative penalty was imposed. Upon review, the Hearing Officer's decision was affirmed, prompting petitioner to commence this CPLR article 78 proceeding to challenge respondent's determination.
The detailed misbehavior report and petitioner's hearing testimony, wherein he admitted that he heard the correction officer announce the master count and that he was not standing in his cell with the lights on as required, provide substantial evidence to support the finding that he failed to comply with facility count procedures and the correction officer's corresponding directives (see Matter of Pitts v Jordan, 230 AD3d 1457, 1458 [3d Dept 2024]; Matter of Battease v Superintendent of Riverview Corr. Facility, 229 AD3d 1031, 1032 [3d Dept 2024]). Petitioner denied that a correction officer repeatedly banged on his cell doors, which presented a credibility issue for the Hearing Officer to resolve (see People v Battease v Superintendent of Riverview Corr. Facility, 229 AD3d at 1032; Matter of Daniels v Venettozzi, 219 AD3d 1000, 1001 [3d Dept 2023]). Finally, as intent "is not an element of any of the charged acts of misconduct" (Matter of Dagnone v Goord, 297 AD2d 869, 869 [3d Dept 2002], lv denied 99 NY2d 503 [2002]), petitioner's assertion that he lacked the requisite mens rea must fail.
Petitioner's procedural objections do not warrant extended discussion. Failing to obey a direct order may be designated as either a tier I or tier II violation (see 7 NYCRR 270.2 [b] [7] [i]), "and it is the function of the review officer, based upon the seriousness of the charges and the appropriate corresponding penalty in the event the charges are substantiated, to determine the tier classification" (Matter of Credell v Hurt, 167 AD3d 1113, 1114 [3d Dept 2018] [internal quotation marks and citation omitted], lv denied 32 NY3d 919 [2019]). We discern no abuse of that discretionary determination here. Even assuming, without deciding, that the misbehavior report did not comply with the requirements of 7 NYCRR 251-3.1 (b) because it was not endorsed by one of the two officers who approached petitioner's cell on the morning in question, petitioner did not request that either correction officer testify at the hearing, nor has he demonstrated that he was prejudiced by this alleged [*2]omission (see Matter of Nieves v Annucci, 123 AD3d 1368, 1369 [3d Dept 2014]). Finally, petitioner did not object to the denial of his witness requests and, in any event, the individuals in question were housed "on the other side of the gallery" and, hence, were not present at the time of the incident (see generally Matter of Johnson v Annucci, 205 AD3d 1173, 1175 [3d Dept 2022]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.