Matter of Jones v Uhler (2025 NY Slip Op 02252)

Matter of Jones v Uhler

2025 NY Slip Op 02252

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-24-0115
[*1]In the Matter of James Jones, Petitioner,
v
Donald Uhler, as Superintendent of Upstate Correctional Facility, Respondent.

Calendar Date:March 21, 2025

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

James Jones, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Franklin County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with smuggling, possessing an altered item, possessing excess bedding, tampering with property and tampering with an electrical device. According to the misbehavior report, during a frisk of petitioner's cell, facility staff discovered a Sangean radio on which the original department identification number (hereinafter DIN) had been scratched off and replaced with petitioner's DIN but in a manner that did not match the facility's engraving style. A correction officer also discovered and recovered two excess state-issued green blankets, an unauthorized state-issued dustpan and three altered hot pots. Following a tier II disciplinary hearing, he was found guilty of the charges, and that determination was affirmed upon administrative review. This CPLR article 78 proceeding ensued.
Initially, respondent concedes, and our review of the record confirms, that the part of the determination finding petitioner guilty of smuggling is not supported by substantial evidence and must be annulled. Because the penalty has been served and no loss of good time was imposed, the matter does not need to be remitted for a redetermination of the penalty imposed on the remaining charges (see Matter of James v Venettozzi, 201 AD3d 1288, 1289 [3d Dept 2022]). As for the remaining charges, we find that the misbehavior report, related documentation and hearing testimony provide substantial evidence to support that part of the determination finding petitioner guilty of possessing an altered item, possessing excess bedding, tampering with property and tampering with an electrical device (see Matter of Farley v Annucci, 224 AD3d 969, 970 [3d Dept 2024]; Matter of Abdullah v Department of Corr. & Community Supervision, 193 AD3d 1167, 1169 [3d Dept 2021]). Although petitioner's cellmate had access to the area where the confiscated items were found, "a reasonable inference of possession arises where, as here, the area where the contraband was discovered is within petitioner's control" (Matter of Dowling v Venettozzi, 177 AD3d 1063, 1064 [3d Dept 2019] [internal quotation marks and citation omitted], lv denied 35 NY3d 901 [2020]; see Matter of Nix v Venettozzi, 196 AD3d 933, 933 [3d Dept 2021]). Moreover, "it was [petitioner's] own responsibility to make sure that no unauthorized items were present in his cell" (Matter of Villafane v Annucci, 216 AD3d 1383, 1384 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Eleby v New York State Dept. of Corr. & Community Supervision, 224 AD3d 977, 978 [3d Dept 2024]). Petitioner's protestations of innocence, and the testimony of his cellmate witness who claimed to have been the owner of the confiscated items, raised credibility issues for the Hearing Officer to resolve (see Matter of Moses v Venettozzi, 188 AD3d 1344, 1345 [3d Dept 2020]). To the extent that petitioner's remaining contentions are properly before us, they have been reviewed and found to be without merit.
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of smuggling; petition granted to that extent and respondent is directed to expunge all references to this charge from petitioner's institutional record; and, as so modified, confirmed.