■ In the Matter of JOHNNY LYNCH, Petitioner, v THOMAS GRIFFIN, as Superintendent of Green Haven Correctional Facility, Respondent. [50 NYS3d 186]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent* finding petitioner guilty of violating a prison disciplinary rule.

After petitioner was found in the facility barber shop instead of his assigned program in the electric shop, he was charged in a misbehavior report with being out of place. Following a tier II disciplinary hearing, he was found guilty of that charge and a penalty was imposed. The determination was upheld on administrative review, and this CPLR article 78 proceeding ensued.

The misbehavior report and testimony of petitioner provided substantial evidence to support the determination (*see Matter of Marino v Racette*, 144 AD3d 1277, 1277-1278 [2016]; *Matter of Miller v Annucci*, 131 AD3d 1304, 1305 [2015]). Petitioner testified that when he reported to his assigned program at the electric shop, the door was closed and locked, and no one was around, so he waited on a bench outside the shop for approximately 40 minutes without reporting to the correction officer stationed nearby or inquiring whether the shop would open, which he acknowledged he should have done. Petitioner also admitted that, after a civilian employee told him that the shop was closed and invited him into the nearby barber shop, he went into the barber shop, although he did not belong in there and knew that if staff needed to locate him they would not have looked for him there. Even accepting petitioner's contention that his assigned program was closed and no notice was posted advising him of the closure, petitioner was nonetheless admittedly present in an unassigned, unauthorized location. Contrary to his further contention, the misbehavior report correctly specified the rule violated and provided adequate

---

* Respondent's name was misspelled as "Griffen" in the petition and, consequently, in the proceedings in Supreme Court.

notice that he violated that rule by being in the barber shop when his assigned program was the electric shop (*see Matter of Austin v Annucci*, 145 AD3d 1263, 1264 [2016]). Petitioner's remaining claims are either unpreserved or lack merit.

Peters, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.