Matter of Atkins v Annucci (2019 NY Slip Op 04064)





Matter of Atkins v Annucci


2019 NY Slip Op 04064


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

526252

[*1]In the Matter of SHANE ATKINS, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 19, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Shane Atkins, Romulus, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with being out of place, possessing drugs, smuggling and violating frisk procedures. At the conclusion of a tier III disciplinary hearing, petitioner was found not guilty of violating frisk procedures and guilty of the remaining charges, and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination.
Respondent concedes, and we agree, that the disciplinary determination — insofar as it found petitioner guilty of possessing drugs and smuggling — is not supported by substantial evidence and must be annulled to that extent (see Matter of Kirby v Annucci, 147 AD3d 1134, 1134 [2017]; Matter of Chisholm v Annucci, 135 AD3d 1279, 1279 [2016]). As petitioner has served the administrative penalty and no recommended loss of good time was imposed, we need not remit for a redetermination of the penalty on the remaining charge of being out of place (see Matter of George v Annucci, 166 AD3d 1157, 1158 [2018]; Matter of Phillips v Annucci, 160 AD3d 1308, 1308 [2018]). To the extent that petitioner challenges the sufficiency of the evidence supporting that charge, the misbehavior report and petitioner's own testimony, wherein he acknowledged that he returned from recreation with the wrong company, constitutes substantial evidence to support the finding that petitioner was out of place (see Matter of Lynch v Griffin, 148 AD3d 1436, 1436 [2017]; Matter of Marino v Racette, 144 AD3d 1277, 1277-1278 [2016], lv dismissed 29 NY3d 1025 [2017]). Contrary to petitioner's assertion, "the record does not disclose that the Hearing Officer was biased or that the determination flowed from any alleged bias" (Matter of Ayuso v Venettozzi, 170 AD3d 1407, 1408 [2019]; see Matter of Bekka v Annucci, 168 AD3d 1334, 1335-1336 [2019]). Finally, the balance of petitioner's procedural claims, including his assertion that certain testing procedures were not followed and that the [*2]correction officer who tested the suspected substance improperly testified outside of petitioner's presence, are academic, as they pertain to the charges that respondent concedes must be annulled.
Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing drugs and smuggling; petition granted to that extent and respondent is directed to expunge all references to these charges from petitioner's institutional record; and, as so modified, confirmed.