Matter of Barnes v Annucci (2020 NY Slip Op 04357)





Matter of Barnes v Annucci


2020 NY Slip Op 04357


Decided on July 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 30, 2020

530226

[*1]In the Matter of Arrello Barnes, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: June 26, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ.


Arrello Barnes, Alden, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), entered September 23, 2019, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following a tier III hearing, petitioner was found guilty of violating various prison disciplinary rules, and a penalty was imposed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge that determination, contending — as relevant here — that the hearing transcript was incomplete. After respondent answered, Supreme Court dismissed petitioner's application, finding, among other things, that the amended hearing transcript belied petitioner's claim that there was testimony missing from the administrative record. This appeal ensued.
We affirm. The record does not support petitioner's assertion that the Hearing Officer failed to electronically record the entire hearing (see Matter of Partak v Venettozzi, 175 AD3d 1633, 1635 [2019]; Matter of Boyd v Prack, 136 AD3d 1136, 1136-1137 [2016]), and the intermittent gaps in the hearing transcripts "are not so pervasive as to preclude meaningful review" (Matter of Liggan v Annucci, 171 AD3d 1325, 1326 [2019]; see Matter of McFarlane v Annucci, 176 AD3d 1277, 1278 [2019]). Petitioner's remaining arguments, including his claim of hearing officer bias, are either unpreserved for our review or have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Mulvey, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.