Matter of Urena v Keyser (2021 NY Slip Op 05057)





Matter of Urena v Keyser


2021 NY Slip Op 05057


Decided on September 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 23, 2021

532608
[*1]In the Matter of Christian Urena, Petitioner,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date:September 3, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Christian Urena, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with being out of place, refusing a direct order and committing a movement violation. According to the misbehavior report, a correction officer assigned petitioner, a custodial maintenance worker, the task of cleaning hallways in the north complex of the correctional facility and told petitioner to report back to him when the task was complete. When the correction officer made rounds of the north complex area, petitioner was observed in the barbershop getting an unauthorized haircut. Following a tier II disciplinary hearing, petitioner was found guilty of all charges, and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report and testimony at the hearing, as well as petitioner's admissions, provide substantial evidence to support the determination of guilt (see Matter of Cowart v Burnett, 159 AD3d 1253, 1253-1254 [2018]; Matter of Lynch v Griffin, 148 AD3d 1436, 1436-1437 [2017]). Notwithstanding petitioner's exculpatory explanation, the record establishes that petitioner, instead of reporting back to the correction officer, got a haircut and then returned to his housing unit.
To the extent that petitioner asserts that the Hearing Officer was biased and shifted the burden of proof, such contentions are not preserved for our review as petitioner did not raise these issues in his administrative appeal (see Matter of Duchnowski v Annucci, 169 AD3d 1137, 1138 [2019]; Matter of Wigfall v New York State Dept. of Corr. & Community Supervision, 160 AD3d 1332, 1333 [2018]). Were we to consider such issues, we would find that the determination of guilt flowed from the evidence presented and not from any bias on the part of the Hearing Officer (see Matter of Miller v Costello, 304 AD2d 916, 917 [2003]; Matter of Steward v Selsky, 266 AD2d 605, 606 [1999]).
Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.