Matter of Bond v Annucci (2021 NY Slip Op 05158)





Matter of Bond v Annucci


2021 NY Slip Op 05158


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

533151
[*1]In the Matter of Ronell Bond, Also Known as Ronell Bonds, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:September 3, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ.

Ronell Bond, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Clinton Correctional facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with participating in a demonstration, violating a facility movement regulation, refusing a direct order and delaying the facility count. The charge stemmed from an incident wherein petitioner and approximately 308 other incarcerated individuals refused multiple direct orders to line up in their respective block groups to return from the recreational yard. Following a tier II disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. As to the timeliness of the hearing, the record contains what has been denominated as a "blanket extension" — applicable to all tier II disciplinary hearings arising out of the July 11, 2020 incident at issue — directing that such hearings be commenced and completed by July 25, 2000. Such extension, in turn, was necessitated by the volume of disciplinary proceedings to be conducted in connection with this incident. Given that petitioner's hearing was commenced and completed within the allotted time frame (see e.g. Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [2019]; Matter of Gonzalez v Annucci, 168 AD3d 1291, 1292 [2019]), his challenge to the timeliness of the hearing is without merit.
Petitioner's procedural objection to the misbehavior report is similarly unavailing. The regulation at issue requires that the misbehavior report be prepared by either an "employee who has observed the incident or who has ascertained the facts of the incident" (7 NYCRR 251-3.1 [b]). Although the authoring correction officer admittedly was not present at the time of the incident, he testified that, as a member of the facility's crisis intervention unit, he investigated the incident by reviewing the videotapes of the incident and checking the block sheets and related rosters to determine which individuals were in the yard at that time. The investigatory materials upon which the author relied are also set forth in the misbehavior report itself. As the record makes clear that the misbehavior report was prepared by an employee who had ascertained the relevant facts, we are satisfied that such report complied with the subject regulation (see e.g. Matter of Mears v Venettozzi, 150 AD3d 1498, 1499 [2017], lv denied 30 NY3d 905 [2017]; Matter of Davis v Annucci, 148 AD3d 1399, 1400 [2017]). We also are persuaded that "the report provided sufficient detail to discern petitioner's role in the incident so as to prepare a defense" (Matter of Basbus v Prack, 112 AD3d 1088, 1088 [2013]; see 7 NYCRR 251-3.1 [c[*2]] [4]).
With respect to the merits, the detailed misbehavior report and the testimony of its author constitute substantial evidence to support the finding of guilt (see Matter of McClary v Annucci, 189 AD3d 1812, 1813 [2020], lv denied 37 NY3d 905 [2021]; Matter of Bekka v Annucci, 168 AD3d 1334, 1334 [2019]; Matter of Washington v Lee, 156 AD3d 1033, 1034 [2017]). To the extent that petitioner argues that his mere presence in the yard at the time of the incident is insufficient to establish that he engaged in a demonstration, we note that "such could be inferred from the [incarcerated individuals] acting in concert" (Matter of Bekka v Annucci, 168 AD3d at 1335 [internal quotation marks and citation omitted]). Similarly, although petitioner argues that facility personnel instituted a security protocol before his company/block was called to return from the yard, thus precluding a finding that he disobeyed a direct order, his assertions in this regard presented a credibility issue for the Hearing Officer to resolve (see Matter of Diaz v Lee, 171 AD3d 1382, 1383 [2019]; Matter of Sunkes v Russo, 153 AD3d 994, 995 [2017]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.