Matter of Hill v Annucci (2021 NY Slip Op 05210)





Matter of Hill v Annucci


2021 NY Slip Op 05210


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


721 TP 21-00279

[*1]IN THE MATTER OF VINCENT HILL, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 19, 2021) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the second amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated inmate rules 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault on an inmate]), 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), and 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon possession]). A civilian teacher at the correctional facility authored a misbehavior report against petitioner after observing two inmates fighting in a classroom. Petitioner joined the fight and made slashing motions to the face of one inmate (victim), who sustained a laceration to his cheek that required stitches. The evidence at the disciplinary hearing included the testimony of the teacher, a video of the incident, and petitioner's admission that he kicked the victim. Contrary to petitioner's contention, the determination finding that he violated the inmate rules is supported by substantial evidence (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]), notwithstanding the fact that no weapon was ever recovered (see Matter of Jones v Annucci, 166 AD3d 1174, 1175 [3d Dept 2018]).
We reject petitioner's contention that the Hearing Officer was biased (see Matter of Clark v Annucci, 170 AD3d 1499, 1500-1501 [4th Dept 2019]; Matter of Colon v Fischer, 83 AD3d 1500, 1501-1502 [4th Dept 2011]). Finally, the penalty was not so "disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974] [internal quotation marks omitted]; see Matter of Ford v Smith, 23 AD3d 874, 875-876 [3d Dept 2005], lv denied 6 NY3d 708 [2006]; Matter of McGill v Coughlin, 182 AD2d 1103, 1104 [4th Dept 1992]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court