Matter of Watson v Werlau (2022 NY Slip Op 00488)





Matter of Watson v Werlau


2022 NY Slip Op 00488


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

533119
[*1]In the Matter of Earl Watson, Petitioner,
v
J. Werlau, as Shawangunk Correctional Facility Captain, et al., Respondents.

Calendar Date:December 30, 2021

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ.

Earl Watson, Dannemora, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance and being out of place. According to the misbehavior report, a correction officer gave petitioner a direct order to lock in his cell because recreation time was over. Petitioner argued with the correction officer that he was allowed longer recreation time. When the correction officer repeated the direct order to petitioner to lock in his cell, petitioner became louder and other inmates started to pay attention to the incident. Another correction officer became involved and walked petitioner to his cell. Following a tier II disciplinary hearing, petitioner was found guilty of all charges. Other than a modification of the penalty imposed, the determination of guilt was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.
Contrary to petitioner's contention, the misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Urena v Keyser, 197 AD3d 1452, 1452 [2021]; Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]; Matter of Brown v Venettozzi, 162 AD3d 1434, 1435 [2018]). To the extent that petitioner asserts that his conduct was justified because he was entitled to more recreation time, we note that petitioner is not free to disregard a direct order, even if he believes the order was wrong or unauthorized (see Matter of Anselmo v Annucci, 173 AD3d 1589, 1589 [2019]; Matter of Credell v Hurt, 167 AD3d 1113, 1115 [2018], lv denied 32 NY3d 919 [2019]). Petitioner's remaining contentions are unpreserved as they were not raised upon administrative appeal (see Matter of Urena v Keyser, 197 AD3d at 1452; Matter of Davis v Lempke, 148 AD3d 1366, 1367 [2017]).
Garry, P.J., Egan Jr., Lynch, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.