Matter of Mojica v Keyser (2022 NY Slip Op 01488)





Matter of Mojica v Keyser


2022 NY Slip Op 01488


Decided on March 10, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 10, 2022

531419
[*1]In the Matter of Dionisio Mojica, Petitioner,
v
Willam F. Keyser, as Superintendent of Sullivan Correctional Facility, Respondent.

Calendar Date:February 4, 2022

Before:Lynch, J.P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ.

Dionisio Mojica, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with smuggling, violating facility visitation procedures and engaging in an unauthorized exchange. The charges stemmed from an incident wherein petitioner switched a pair of his sneakers with the sneakers worn by his wife. Following a pat frisk of petitioner, petitioner resumed his visit, whereupon he again was observed exchanging sneakers with his wife. At the conclusion of the tier II disciplinary hearing that followed, petitioner was found guilty of all charges and a penalty was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. Contrary to petitioner's assertion, the detailed misbehavior report and testimony of its author constitute substantial evidence to support the finding of guilt (see e.g. Matter of Bond v Annucci, 197 AD3d 1496, 1497 [2021]; Matter of McDonald v Annucci, 159 AD3d 1216, 1217 [2018]). The authoring correction officer testified that he witnessed petitioner and his wife exchange sneakers during a facility visit. The correction officer then left the area to notify his supervisor, who ordered petitioner to undergo a pat frisk for contraband. No contraband was detected, petitioner was allowed to return to his visit and, approximately 45 minutes later, the author of the misbehavior report witnessed petitioner and his wife switch back their sneakers to what they had originally been wearing. Petitioner and his wife denied that the exchange took place — with petitioner contending that he and his wife were wearing different sized but otherwise identical sneakers on the day in question. The authoring correction officer, however, described the subtle differences between the two sets of sneakers and, in any event, the conflict in the testimony presented a credibility issue for the Hearing Officer to resolve (see Matter of Harris v Annucci, 148 AD3d 1385, 1385 [2017]; Matter of Wigfall v Goord, 53 AD3d 943, 943 [2008]). To the extent that petitioner contends that, had he in fact been wearing his wife's sneakers during the course of the pat frisk, he would not have been allowed to return to his visit, we note that the correction sergeant who conducted the pat frisk testified that she intentionally did not compare petitioner's sneakers to those worn by his wife because she did not want to "make a scene" in the midst of the ongoing religious festival in which petitioner and his wife were participating. Petitioner's remaining contentions, including his claim that the Hearing Officer was biased, are either unpreserved for our review or are lacking in merit (see Matter of Barnes v Annucci, 185 AD3d 1367, 1367-1368 [2020]).
Lynch, J.[*2]P., Reynolds Fitzgerald, Colangelo, Ceresia and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.