Matter of Harrell v Annucci (2022 NY Slip Op 02595)

Matter of Harrell v Annucci

2022 NY Slip Op 02595

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

532917
[*1]In the Matter of Christopher Harrell, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:March 18, 2022

Before:Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ.

Christopher Harrell, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
Petitioner was charged in a misbehavior report with violating facility visiting procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the charge and a penalty was imposed. Upon administrative review, the determination was affirmed, prompting petitioner to commence this CPLR article 78 proceeding to challenge the determination of guilt.
We confirm. The misbehavior report and testimony of the authoring correction officer constitute substantial evidence to support the finding of guilt (see Matter of Bond v Annucci, 197 AD3d 1496, 1497 [2021]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]; Matter of Dunbar v Annucci, 173 AD3d 1598, 1599 [2019]). Contrary to petitioner's assertion, the video of the incident is inconclusive, as the view of petitioner and his visitor is obstructed. Although petitioner and his visitor denied that the underlying conduct occurred and petitioner asserted that the misbehavior report was written in retaliation for a prior encounter between petitioner and the authoring correction officer, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Martin v Rodriguez, 171 AD3d 1322, 1323 [2019]; Matter of Nova v Kirkpatrick, 160 AD3d 1326, 1326-1327 [2018]; Matter of Harriott v Koenigsmann, 149 AD3d 1440, 1441 [2017]).
Petitioner's procedural objections also are unpersuasive. Although petitioner raised certain objections to the employee assistance provided prior to the disciplinary hearing, the hearing transcript reveals that the Hearing Officer secured, among other things, the testimony of petitioner's requested witnesses and the relevant video. As such, we are satisfied that whatever deficiencies may have existed in the assistance provided were cured during the course of the hearing (see Matter of Alston v Annucci, 153 AD3d 981, 983 [2017]; Matter of Pricher v Annucci, 137 AD3d 1406, 1407 [2016]). Finally, we reject petitioner's claim that the Hearing Officer was biased, "as the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of DeJesus v Mayes, 196 AD3d 992, 993 [2021]; see Matter of Bellamy v Noeth, 195 AD3d 1289, 1290 [2021]). Petitioner's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald, Colangelo and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.