Matter of Jones v Annucci (2022 NY Slip Op 04068)

Matter of Jones v Annucci

2022 NY Slip Op 04068

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

532803
[*1]In the Matter of Devin Lee Jones, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 20, 2022

Before:Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ.

Devin Lee Jones, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violent conduct, creating a disturbance, fighting, possessing a weapon and refusing a direct order. According to the misbehavior report, a correction officer observed petitioner and another incarcerated individual "exchanging closed fist punches to the head and body areas." Both refused to comply with de-escalation attempts or orders to stop. After the two were eventually separated, each was examined for injuries, and it was determined that the other incarcerated individual had injuries consistent with an "unrecovered stabbing type weapon." Petitioner admitted to fighting but denied possessing a weapon or engaging in violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. On administrative appeal, the charge for creating a disturbance was dismissed, but the determination was otherwise affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the use of force report and the testimony of the correction officer who examined the other incarcerated individual's injuries provide substantial evidence to support the determination of guilt, despite the fact that no weapon was ever recovered (see Matter of Hill v Annucci, 198 AD3d 1316, 1316 [2021]; Matter of Townsend v Noeth, 170 AD3d 1353, 1353 [2019]). We are unpersuaded by petitioner's contention that the misbehavior report did not sufficiently apprise him of or allow him to prepare a meaningful defense to the weapon charge against him as the report specifically alleged that the other incarcerated individual had injuries consistent with a stabbing type weapon (see 7 NYCRR 251-3.1 [c] [1]; Matter of Grant v Capra, 200 AD3d 1443, 1443 [2021]; Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [2017]; Matter of Hernandez v Prack, 108 AD3d 965, 966 [2013]).
We further find unavailing petitioner's contention that he did not have notice of what constituted violent conduct. Petitioner was read the definition of violent conduct at the hearing, and such language was "sufficiently particular to provide a person of ordinary intelligence with notice that engaging in a physical altercation with another [incarcerated individual] is proscribed conduct" (Matter of Brown v Selsky, 5 AD3d 905, 906 [2004]; see 7 NYCRR 270.2 [B] [5] [ii]; cf. Matter of Doane v Annucci, 168 AD3d 1290, 1290 [2019]). Finally, petitioner's assertion that the Hearing Officer was biased for not deciding the foregoing issues in his favor is not preserved for our review as petitioner did not raise this issue in his administrative appeal (see Matter of Urena v Keyser, 197 AD3d 1452, 1452 [2021]; Matter of Duchnowski v Annucci, 169 AD3d 1137, 1137 [2019]). Were we to reach this [*2]issue, we would find "no indication that the Hearing Officer was biased, that the hearing was conducted in an unfair manner or that the determination flowed from any alleged bias" (Matter of Torres v Annucci, 144 AD3d 1289, 1290 [2016]; see Matter of Urena v Keyser, 197 AD3d at 1452-1453).
Garry, P.J., Aarons, Pritzker, Ceresia and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.