Matter of Moore v Annucci (2023 NY Slip Op 01715)

Matter of Moore v Annucci

2023 NY Slip Op 01715

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

534661
[*1]In the Matter of Anum Moore, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Anum Moore, Beacon, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with refusing a direct order and violating facility visitation procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. Upon administrative review, the penalty was modified but the determination of guilt was otherwise affirmed. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony from the authoring correction officer provide substantial evidence to support the finding of guilt (see Matter of Harrell v Annucci, 204 AD3d 1268, 1269 [3d Dept 2022]; Matter of Mojica v Keyser, 203 AD3d 1344, 1344 [3d Dept 2022]; Matter of Hood v Fischer, 100 AD3d 1122, 1123 [3d Dept 2012]). Contrary to petitioner's assertions, the authoring correction officer's testimony and that of two other officers who did not observe petitioner engage in the charged conduct presented a credibility issue for the Hearing Officer to resolve (see Matter of Barzee v Venettozzi, 173 AD3d 1580, 1581 [3d Dept 2019]; Matter of Sunkes v Russo, 153 AD3d 994, 995 [3d Dept 2017]; Matter of Pena v Selsky, 53 AD3d 938, 939 [3d Dept 2008]). We are unpersuaded by petitioner's assertion that the Hearing Officer's conclusions in this regard are indicative of bias, "as the record reflects that the determination of guilt flowed from the evidence presented and not from any alleged bias on the part of the Hearing Officer" (Matter of DeJesus v Mayes, 196 AD3d 992, 993 [3d Dept 2021]; accord Matter of Harrell v Annucci, 204 AD3d at 1269). Petitioner's arguments pertaining to the availability or production of certain evidence, his unsuccessful attempts to call certain witnesses and his procedural challenge to the misbehavior report are unpreserved for our review as they were not raised at the administrative level (see Matter of Abdur-Rahman v Lilley, 210 AD3d 1163, 1163 [3d Dept 2022]; Matter of Watson v Werlau, 201 AD3d 1288, 1288 [3d Dept 2022]; Matter of Killimayer v Annucci, 199 AD3d 1151, 1152 [3d Dept 2021]). To the extent that petitioner's remaining contentions are properly before us, they have been examined and found to be without merit.
Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.