Matter of Smith v Annucci (2023 NY Slip Op 03529)

Matter of Smith v Annucci

2023 NY Slip Op 03529

Decided on June 29, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 29, 2023

536114
[*1]In the Matter of Andre Smith, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:May 26, 2023

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ.

Andre Smith, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Christopher Liberati-Conant of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Upon being escorted back to his cell block, petitioner, an incarcerated individual, was unable to proceed through a magnometer and was ordered to the wall for a pat frisk, which petitioner refused. When the order was repeated by a correction officer, petitioner refused the direct order and struck the correction officer's hands, resulting in the use of force and petitioner being placed in handcuffs. Petitioner was subsequently charged in a misbehavior report with refusing a direct order, assaulting a staff member and refusing a search or frisk. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, documentary evidence and testimony at the hearing constitute substantial evidence to support the determination of guilt (see Matter of Ocasio v Bullis, 162 AD3d 1424, 1424 [3d Dept 2018]; Matter of Reyes v Keyser, 150 AD3d 1502, 1503-1504 [3d Dept 2017]; Matter of Lopez v Annucci, 146 AD3d 1262, 1263 [3d Dept 2017]; Matter of Walker v Fischer, 108 AD3d 999, 1000 [3d Dept 2013]). Although petitioner denied that the underlying conduct occurred and asserted that the misbehavior report was written in retaliation for a prior encounter between petitioner and the authoring correction officer, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Harrell v Annucci, 204 AD3d 1268, 1269 [3d Dept 2022]; Matter of Martin v Rodriguez, 171 AD3d 1322, 1323 [3d Dept 2019]).
"Turning to petitioner's procedural claims, although the hearing transcript contains inaudible portions, the gaps are not so substantial or significant as to preclude meaningful review of the procedural arguments advanced by petitioner" (Matter of Infinger v Venettozzi, 164 AD3d 1578, 1579 [3d Dept 2018] [citations omitted]; see Matter of Cain v Lee, 175 AD3d 1702, 1702 [3d Dept 2019]). Petitioner's remaining contentions, including his claim that the Hearing Officer exhibited bias, have been considered and are either unpreserved for our review or lacking in merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.