Matter of Evans v Annucci (2024 NY Slip Op 01629)

Matter of Evans v Annucci

2024 NY Slip Op 01629

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND GREENWOOD, JJ.

110 CA 23-00929

[*1]IN THE MATTER OF BRANDON EVANS, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (NORMAN P. EFFMAN OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KEVIN C. HU OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered May 10, 2023, in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated incarcerated individual rule 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon]). Supreme Court dismissed the petition, and we affirm.
Petitioner failed to raise in his administrative appeal his contention that the Hearing Officer relied on evidence outside the record in rendering a decision. Petitioner thus failed to exhaust his administrative remedies with respect to that contention, and this Court lacks the discretionary authority to consider it (see Matter of Pierre v Annucci, 181 AD3d 1179, 1180 [4th Dept 2020]; Matter of Plaza v Annucci, 173 AD3d 1778, 1778-1779 [4th Dept 2019]). Contrary to petitioner's further contention, the record does not support his claim that the Hearing Officer failed to electronically record the entire hearing (see Matter of Olukotun-Williams v Gardner, 221 AD3d 1164, 1165 [3d Dept 2023]; Matter of Barnes v Annucci, 185 AD3d 1367, 1367 [3d Dept 2020]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court